UNITED STATES COURT OF FEDERAL CLAIMS

ALCATEC, LLC PLAINTIFF

VS. CAUSE NO. 1:08-cv-00113-CCM

THE UNITED STATES OF AMERICA DEFENDANT

# AMENDED COMPLAINT

Alcatec, LLC ("Alcatec"), Plaintiff, presents the following Amended Complaint against the United States of America, Defendant, and for its cause of action, Alcatec would show unto the Court the following:

1.

Alcatec is a limited liability corporation formed under the laws of the State of Mississippi, having its principal place of business in Jackson, Mississippi.

2.

The United States of America (the "Government"), Defendant, is a governmental entity which, in all respects relevant to this case, act by and through the Federal Emergency Management Agency ("FEMA").

3.

On or about November 29, 2005, the Government issued Request for Proposal/Solicitation No. HSFEHQ-06-R-8AMS (the "RFP"). The RFP requested Proposals by December 30, 2005 for work related to refurbishment, maintenance, deactivation and related activities with regard to manufactured homes and travel trailers furnished by FEMA to Hurricane Katrina victims along the Mississippi Gulf Coast. (A true and correct copy of the RFP is in the possession of the Government, and the RFP is incorporated herein by reference.).

4.

The RFP contained specific, detailed pricing procedures setting forth the manner in which offorors were to respond to the RFP. The pricing procedures set forth in the RFP required the offorers to price each line item, many of which were unit price items based upon the number of units to be performed under the RFP, or time units based upon the length of time of performance. The RFP contemplated that work assigned to the successful offorors would be on a "task order basis," with the Government issuing task orders for the work needed from the successful offorors.

5.

The RFP contained one line item, however, which was to be priced as a lump sum item by the offorors. This was Contract Line Item No. 1000 ("CLIN 1000"). The Government identified CLIN 1000 as a "Phase-In" work item, and stated that this item was to cover preparation expenses, mobilization expenses, and "all efforts necessary during the Phase-In to insure the ability to successfully perform the tasks and activities associated with this Contract." In addition, the Government provided that CLIN 1000 was to be the first item of work performed by a successful offoror, and stated that "this task shall be completed within thirty days of contract award." Finally, unlike other line items in the RFP which were based upon unit prices to be paid according to units performed, the CLIN 1000 line item was one lump sum with no units assigned. (*See* Attachment I, Page 1 of the RFP).

6.

Alcatec performed a takeoff, solicited subcontractor pricing, and otherwise prepared its Proposal in response to the RFP. Alcatec properly followed and completed the line item pricing procedure set forth by the Government in the RFP. Specifically, Alcatec submitted its price for

CLIN 1000 to include all costs associated with the Phase-In preparation and mobilization to perform the specified work, as well as the prices for such preparation and mobilization submitted by its subcontractors. Alcatec's price in its Proposal for CLIN 1000 was $6,111,000.00, which included its subcontractors' prices. (A true and correct copy of Alcatec's Proposal is in the possession of the Government and is incorporated herein by reference.)

7.

After its review and analysis, the Government accepted Alcatec's Proposal and determined that Alcatec was a successful offoror to perform the work set forth in the RFP. On or about April 30, 2006, the Government awarded Contract No. HSFEHQ-06-D-0429, ("the Contract"), to Alcatec. (A true and correct copy of the Contract is in the possession of the Government and is incorporated herein by reference.)

8.

Following the execution of the Contract, the Government issued its Task Order for performance of CLIN 1000 to Alcatec on or about April 18, 2006. In the Task Order, the Government specified that Alcatec was to "provide Phase-In services in accordance with the above numbered contract," and the Government specifically stated that CLIN 1000 was to be a "firm fixed price: $6,111,000." Finally, the Task Order required Alcatec to perform the work within thirty days. (A true and correct copy of the Task Order for CLIN 1000 is attached hereto as Exhibit "A" and incorporated herein by reference.)

9.

Alcatec timely, properly and completely performed all work required of it pursuant to CLIN 1000, as did its subcontractors. The Government specifically acknowledged that Alcatec

had properly and timely performed all work pursuant to CLIN 1000 and the corresponding Task Order, Exhibit "A" hereto.

10.

Despite Alcatec's proper and timely completion of all work required of it pursuant to CLIN 1000, the Government failed and refused to make payment to Alcatec for the full lump sum contract amount for CLIN 1000. Instead, the Government issued a unilateral Modification of Contract which purported to reduce the amount of CLIN 1000 from $6,111,000 to $1,937,088. The Government attempted to justify this unilateral Modification by stating that "there was an error on a contract line item number (CLIN) unknown to the Government until after contract award." The Government further stated that Alcatec's "Proposed Cost" for CLIN 1000 was based upon 6,700 units, and the Government stated that the number of units had been reduced to 2,124. (A true and correct copy of the unilateral Modification is attached hereto as Exhibit "B".)

11.

In reliance upon the unilateral Modification, the Government paid Alcatec $1,937,088 for CLIN 1000, rather than the lump sum contract amount of $6,111.000. Yet, in the Government's Memorandum approving payment in the reduced amount, the Government called the reduced payment a "recommended partial payment" and stated that the "COTR certifies the services were performed and he approves a **partial** payment of $1,937,088 of the invoice amount until parties can reach final agreement as to the correct CLIN 1000 amount. (See Memorandum of July 11, 2006 attached hereto as Exhibit "C") (Emphasis added).

12.

In addition, the Public Voucher Request for the payment of the reduced CLIN 1000 amount included a notation from the Government that this amount was "approved for **partial**

payment," yet the Public Voucher Request correctly showed a lump sum amount due for CLIN 1000 of $6,111,000. (See Public Voucher Request attached hereto as "Exhibit "D".)

13.

Without additional explanation, the Government subsequently paid Alcatec the additional amount of $327,440.31 for CLIN 1000. Alcatec objected to the unilateral reduction from the lump sum contract amount for CLIN 1000 and invoiced the Government for the unpaid amount of $3,846,471.69. On July 3, 2007, the Government rejected Alcatec's request for payment in full for the contract lump sum amount for CLIN 1000. (See Receiving Document dated July 3, 2007 attached hereto as Exhibit "E".)

14.

Subsequently, Alcatec forwarded to the Government a Request for Final Contracting Officer's Decision dated July 20, 2007. This Request for Final Contracting Officer's Decision was certified by Alcatec and requested payment in full for the contract amount of CLIN 1000. (*See* Request for Final Contracting Officer's Decision attached hereto as Exhibit "F".) The Government has failed to respond to Alcatec's Request for Final Contracting Officer's Decision. This action has been timely brought, as the Government has had ample time to issue a Final Contracting Officer's Decision on Alcatec's claim, but has failed to do so.

15.

Government's failure to pay Alcatec the full amount of the contract line item for CLIN 1000 amounts to a breach by the Government of the Contract with Alcatec.

16.

As a direct and proximate result of the Government's breach of contract as set forth above, Alcatec has been damaged in an amount not less than $3,846,471.69.

17.

In addition to the recovery set forth above, Alcatec is entitled to the Interest Penalty set forth in the Contract from the date of Alcatec's invoice until the date of Alcatec's certification of its claim. Alcatec is also entitled to CDA interest from and after the date Alcatec certified its claim until payment by the Government.

WHEREFORE, PREMISES CONSIDERED, Alcatec prays for judgment against the Government in an amount not less than $3,846,471.69, plus prejudgment interest, CDA interest, a reasonable attorney's fee pursuant to the Equal Access to Justice Act, and all costs of this cause accruing.

Respectfully submitted,

ALCATEC, LLC

By: /s/ Phil B. Abernethy

Phil B. Abernethy (MSB 1023)
210 East Capitol Street, 17th Floor
Jackson, Mississippi 39201
Post Office Box 22567
Jackson, Mississippi 39225-2567
(601) 985-4536 (T)
phil.abernethy@butlersnow.com

ITS ATTORNEY

OF COUNSEL:

Butler, Snow, O'Mara, Stevens & Cannada, PLLC
210 East Capitol Street
17th Floor, AmSouth Plaza (39201)
Post Office Box 22567
Jackson, Mississippi 39225-2567
Telephone: (601) 948-5711
FAX: (601) 985-4500